UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
F5 CAPITAL,                                                          :
                                                                     :
                                    Petitioner,                      :
                                                                     :
            -against-                                                :          ORDER
                                                                     :          17-MC-3111
AMERICAN STOCK TRANSFER & TRUST                                      :          (RRM) (SMG)
COMPANY, LLC,                                                        :
                                                                     :
                                    Respondent.                      :
-----------------------------------------------------------------------x
GOLD, STEVEN M., U.S. Magistrate Judge:

    Petitioner F5 Capital filed this miscellaneous action on December 1, 2017.  Invoking 28

U.S.C. § 1782, Petitioner seeks an Order permitting it to take discovery for use in a potential

foreign civil proceeding it may bring against the Royal Bank of Scotland ("RBS").  More

specifically, F5 seeks leave to serve a notice to produce documents and a subpoena for testimony

upon American Stock Transfer & Trust Company, LLC ("AST").  Petitioner asserts that AST is

a stock transfer agent that was engaged by RBS to transfer pledged securities owned by F5

without its authority.  Petition ¶¶ 4-11.

    An application pursuant to Section 1782 may be granted where "(1) the person from

whom discovery is sought resides (or is found) in the district of the district court to which the

application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or

international] tribunal, and (3) the application is made by . . . any interested person." *Mees v.*

*Buiter*, 793 F.3d 291, 297 (2d Cir. 2015).  The foreign proceeding need not be pending; an

applicant may satisfy the requirements of Section 1782 even if it "has yet to commence the

foreign proceeding for which discovery is sought, so long as the proceeding is within reasonable

contemplation." *Id*. at 295.  *See also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241,

258 (2004) (holding that "Section 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings").

Petitioner's application appears to meet these requirements. F5 states that it intends to bring a legal proceeding against RBS. Petition ¶ 29. Further, as noted above, F5 asserts that AST served as the transfer agent in connection with the transfer of securities that are the subject of F5's anticipated lawsuit. *Id.* ¶ 11. F5 further asserts that AST has offices in Brooklyn, New York, and that the events giving rise to its potential claims occurred in the Eastern District of New York. *Id.* ¶ 2.

F5 filed its petition *ex parte*, and apparently without notice to AST. By Order dated December 7, 2017, I directed F5 to submit a memorandum of law explaining why it should not be required to serve AST with its petition.[1] F5 responded by letter filed on December 13, 2017. F5 Letter, Docket Entry 2. F5 argues in its letter that the Court should not require service of its petition because "there is significant concern that RBS will once again, using the services of AST, attempt to secret or transfer Petitioner's assets before Petitioner is able to learn of their existence and current location via discovery." F5 Letter at 1. At the same time, though, F5 states that, as a non-party recipient of a subpoena, ATS would have all the rights afforded by Federal Rule of Civil Procedure 45, included the right to move to quash. F5 Letter at 2; Fed. R. Civ. P. 45(e)(3).

It is difficult to reconcile F5's concern that AST and RBS will hide its assets with its assurance that, upon service of its subpoena, ATS will have the opportunity to bring a motion to quash. Whatever incentive to hide assets might arise upon service of F5's petition would

---

[1] The Order also directed F5 to explain why it should not be required to serve RBS with its petition. Because there has been no showing made that RBS is present in this district or otherwise subject to the jurisdiction of this Court, and RBS may as a result not be subject to an Order requiring it to impose a litigation hold, I have decided not to require that F5's petition be served on RBS.

likewise be triggered by service of the subpoenas for documents and testimony it asks this Court

to issue.  Simply put, F5 fails to explain why service of the subpoena and notice to produce it

seeks leave to propound would provide any less incentive or opportunity to hide or transfer

assets than would service of its petition.

"[A] court's reliance on ex parte, in camera submissions is strongly disfavored." *Schiller

v. City of New York*, 2008 WL 1777848, at *5 (S.D.N.Y. Apr. 14, 2008) (citing *Abourezk v.

Reagan*, 785 F.2d 1043, 1060-61 (D.C. Cir. 1986)).  *See also United States v. Loera*, 2017 WL

2821546, at *2 (E.D.N.Y. June 29, 2017) (citing *In re Taylor*, 567 F.2d 1183, 1187-88 (2d Cir.

1977)) (noting that, "[g]enerally, ex parte communications between the Government and the

courts are disfavored because such communications deprive a defendant of notice relating to the

precise content of the communications and an opportunity to respond").

The only precedent cited by F5 in its letter as authority for proceeding *ex parte* is

*Gushlak v. Gushlak*, 486 Fed. App'x 215 (2d Cir. 2012).  Petitioner correctly points out that the

Court in *Gushlak* stated that "it is neither uncommon nor improper for district courts to grant

applications made pursuant to § 1782 *ex parte*."  486 Fed. App'x at 217.  The district court in

*Gushlack*, however, issued an order to show cause to be served upon the party from whom

discovery was sought, thus providing that party with notice of the petitioner's application similar

to the notice that would be provided if the petition itself had been served when filed.  *Id*.

For all these reasons, is hereby ORDERED that (1) F5 shall serve its petition on AST and file proof of service with the Court; (2) AST shall put in place a litigation hold on any and all books, records, papers and things identified in the Notice to Produce annexed to F5's petition that are in its possession, custody or control; and (3) AST shall file any opposition to F5's petition by January 16, 2018, and F5 shall file its reply, if any, by January 23, 2018.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
December 28, 2017

U:\F5 Order.docx